345 So.2d 1173 (1977)
STATE of Louisiana, Appellee-Respondent,
v.
Peter SCHWANDER and Deborah A. Venezia, Appellants-Relators.
No. 59006.
Supreme Court of Louisiana.
May 16, 1977.
Alan James Boudreaux, Westwego, for appellants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Metairie, for appellee-respondent.
*1174 TATE, Justice.
The defendants Peter Schwander and Mrs. Deborah Venezia were convicted of aggravated burglary, La.R.S. 14:60, and sentenced to imprisonment at hard labor for terms of thirty years and two years respectively. Two assignments of error are presented by their appeal.

I.
The most serious issue is presented by Assignment 2. By this, the co-defendant Mrs. Venezia contends that the trial court erroneously denied her motion for acquittal at the close of the state's case. La.C.Cr.P. art. 778.[1]
The uncontradicted testimony of the prosecuting witness shows:
He knew Mrs. Venezia and had been intimate with her in the past. She had visited the witness's apartment socially on several occasions.
On the morning of the burglary, she asked the witness if she could use his telephone. He conducted her to his bedroom. While she was using the telephone, she asked him for an area code for a long-distance city.
The witness had left the telephone book in the living room. When he went into the living room, he discovered the defendant Schwander had entered the apartment and had removed the victim's guitar from its case, i. e., was in the process of committing a burglary. Schwander following the victim back into the bedroom and commenced beating him.
Pertinently to the present facts, La.R.S. 14:60 provides: "Aggravated burglary is the unauthorized entering of any inhabited dwelling . . . with the intent to commit. . . any theft therein, if the offender. . . commits a battery upon any person while in such place * * *."
All of the essential elements of the offense are proved by the conduct of the defendant Schwander. However, with regard to Mrs. Venezia: (1) she entered the victim's dwelling with his consent and (2), so far as the record shows, was merely a spectator, not participating in any theft or in any battery upon the victim.
The state's theory, however, is that she participated in the crime as a principal, by securing entry to the apartment with the intention of facilitating the subsequent unauthorized entry into it by her companion, Schwander. "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La.R.S. 14:24.
For appellate purposes, the denial of a motion for acquittal does not raise a reviewable question of law unless there is a total lack of evidence to prove the crime or an essential element of it. State v. Douglas, 278 So.2d 485 (La.1973).
In the present instance, however, the state's uncontradicted evidence negates that Mrs. Venezia aided or abetted Schwander in the commission of the burglary or in any other way participated with him in it as a principal.
In addition to testifying to admitting Mrs. Venezia voluntarily to use the telephone, the victim positively testified that:
(1) When Schwander walked into the bedroom, she exclaimed to him, "I told you to stay in the car." Tr. 30, 33-34.
(2) When the victim left the bedroom to enter the living room where the burglary was taking place, Mrs. Venezia was unconcerned and made no attempt to stop him, although fully realizing he was going into the living room. Tr. 28-29, 34.
(3) He, the victim, did not observe Mrs. Venezia do any act, nor did she participate in his beating. Tr. 24, 33-34.
The state cannot point to any evidence at the trial by which the trial jury could reasonably infer that she aided and abetted in *1175 the burglary. Contrariwise, the uncontradicted testimony of the prosecuting witness shows that Mrs. Venezia was voluntarily admitted into the premises, did not herself participate in the burglary, and was as surprised as the victim by the unauthorized entry into her friend's apartment by Schwander, who was supposed to be waiting for her in the automobile outside.
A trial jury's inference that an accused aided and abetted in a crime cannot be "mere speculation based upon guilt by association." State v. Williams, 310 So.2d 513, 515 (La.1975). The issue of whether circumstantial evidence excludes every reasonable hypothesis of innocence, as required by La.R.S. 15:438, presents a reviewable issue of law. State v. Pryor, 306 So.2d 675 (La.1975), and decisions therein cited. See also State v. Elzie, 343 So.2d 712 (La.1977).
Applying these principles, the uncontradicted proof submitted to the jury presents no evidence that Mrs. Venezia aided and abetted Schwander in the commission of the aggravated burglary; it, in fact, negates any inference to such effect. Mrs. Venezia's conviction and sentence must be set aside, and her case remanded for a judgment of acquittal in accordance with this opinion.

2.
The other assignment does not present a serious issue:
Assignment 1 concerns the denial of a motion for a mistrial. The motion is made with respect to a response by a state witness, which allegedly referred to another crime committed by the defendant Schwander.
The unsolicited response was ambiguous in nature. It did not so unmistakably refer to prior criminal conduct as to deprive the accused of a fair trial. The trial court's admonition to the jury to disregard the statement cured what little prejudice, if any, resulted from the response. See: La. C.Cr.P. art. 771; State v. Hatter, 338 So.2d 100 (La.1976); State v. Overton, 337 So.2d 1058 (La.1976); State v. Price, 325 So.2d 780, 786 (La.1976).

Decree
For the reasons assigned, we affirm the conviction and sentence with regard to the defendant Schwander; but we reverse the conviction and sentence as to the defendant Venezia, and remand her case for a judgment of acquittal as required by La.C.Cr.P. art. 778 (1966).
CONVICTION AFFIRMED AS TO ONE DEFENDANT; REVERSED AS TO THE OTHER, AND REMANDED AS TO HER.
SANDERS, C. J., concurs in affirmance of Schwander conviction but dissents from reversal of the Venezia conviction.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the affirmance of the conviction and sentence of defendant Schwander; I dissent from the reversal of the conviction and sentence of defendant Venezia. In my view, there was some evidence from which the jury could reasonably infer that Mrs. Venezia aided and abetted in the burglary.
NOTES
[1] The trial was held before an amendment to the article by Act 527 of 1975 deprived the trial court of the power to direct verdicts in jury cases.