707 So.2d 512 (1998)
STATE of Louisiana, Appellee,
v.
Reginald DOUGLAS, Appellant.
No. 30393-KA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
*513 John M. Lawrence, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Joe Gregorio, Assistant District Attorney, for Appellee.
Before NORRIS, STEWART and CARAWAY, JJ.
CARAWAY, Judge.
After a jury trial, defendant was convicted of possession of Schedule II drugs (cocaine) with intent to distribute, a violation of La. R.S. 40:967(A). The court sentenced the defendant to serve five years imprisonment at hard labor. Defendant now appeals, urging six assignments of error. Because we find that the evidence presented by the state was insufficient to demonstrate defendant's constructive possession of the cocaine found in a residence occupied by other persons, we reverse the conviction and vacate the sentence.

Facts
On January 20, 1994, the Bossier City Police Department (BCPD) obtained a search warrant for the residence of Steven Ray Jones and a woman believed to be his sister at the address of 519½ Yarborough Street in Bossier City. At about 1:30 a.m. on January 21, 1994, the BCPD SWAT team entered the residence and handcuffed two persons, Reginald Douglas and Melinda Jones. Jones was eight months pregnant at the time. After the SWAT officers made the arrest of defendant and Jones, five BCPD narcotics officers entered the home.
The officers began to search the two bedroom residence. Between the mattress and the headboard of the bed in the northeast bedroom where Jones was apparently sleeping, the officers found a potato chip bag containing 189 individually packaged rocks of crack cocaine. They also found two 9 mm pistols. In a dresser drawer, the officers found a checking account deposit slip and insurance papers, both in the name of Melinda Jones. Other items in this bedroom included men's and women's clothing and baby care items.
Officers described the other bedroom, the northwest bedroom, as a storage room. In this room, which contained no bed, officers found tires, new baby clothes, and "a bunch of men's clothes." In the corner of the top shelf of the closet, officers found Reginald Douglas's driver's license. A .32 ACP pistol was sitting next to this license. Hanging in *514 the closet was a purple shirt containing five rocks of crack cocaine and $50 in cash.
Both Douglas and Jones were arrested and charged with possession of cocaine with intent to distribute. Sergeant Ed Wolfe of the Bossier Police testified that he continued surveillance of the residence after the arrests until January 24, 1994, and saw Ms. Jones coming and going from the home. He also confirmed that Stephen Jones lived at the house and that personal data identifying Stephen Jones was found in the search. There was no evidence by the state that the defendant had lived in the house prior to his arrest or had returned to the residence thereafter.
The defendant and Jones were tried together before a jury. The defendant, along with Jones's sister, Miranda McCall, testified that the Yarborough St. house belonged to Stephen Jones (the brother of Ms. Jones and McCall) and that Stephen Jones was in jail on drug charges at the time of the trial. McCall testified that Stephen Jones was out of town at the time of this incident. McCall also testified that the defendant and Mr. Jones were "casual friends" and that she did not know if the defendant knew Ms. Jones.
The defendant testified that he had spent the evening of January 20th at a music concert and, at the request of Stephen Jones, had gone to the Yarborough St. home to check on Ms. Jones after the concert was over. The defendant said that he ordinarily stayed with his mother at a nearby residence on Hamilton Rd. in Bossier City. The defendant testified that he was talking on the phone in the front room of the residence when the SWAT team broke in and arrested him. The defendant testified that he did not know that there were drugs in the house. The defendant testified that he had lost his driver's license some weeks before this incident, and he was not surprised that his license was in the Yarborough St. home because he had been to various parties there in the past.
No member of the SWAT team testified, and there was no evidence (apart from the defendant's testimony) of the location of the defendant in the home when the SWAT team broke in. There was also no evidence regarding the defendant's clothing, that is, whether or not he was wearing a shirt, so as to implicate the purple shirt as his shirt at the time of the arrest.

Discussion
The defendant has raised several trial errors as well as alleging that the evidence was insufficient to support a guilty verdict, contending that the state failed to prove beyond a reasonable doubt that he had any connection to or even knew of the drugs in the Yarborough St. house.[1]
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Beason, 26,725 (La.App.2d Cir. 4/7/95), 653 So.2d 1274; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Beason 26,725 (La.App.2d Cir. 4/7/95), 653 So.2d 1274; State v. Sutton, 436 So.2d 471 (La. 1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
*515 For circumstantial evidence to convict, upon assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. Our supreme court has said:
When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, the hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. An evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt. As we have recognized in such cases as State v. Wright, 445 So.2d 1198 (La.1984), State v. Graham, 422 So.2d 123 (La.1982), and State v. Sutton, 436 So.2d 471 (La.1983), the court does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not "have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, above.
State v. Captville, 448 So.2d 676, 680 (La. 1984). (Emphasis in original.)
The crime of possession with intent to distribute cocaine requires the state to show the defendant possessed the controlled dangerous substance with specific intent to distribute it. La. R.S. 40:967; State v. Elzie, 343 So.2d 712 (La.1977). The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. State v. Young, 618 So.2d 1149 (La.App. 2d Cir.1993). In this case, there was no evidence that the defendant had actual possession of the cocaine; therefore, the state was required to prove that he constructively possessed the drugs. For a person to constructively possess a drug, it must be subject to his dominion and control, and he must have knowledge of its existence. State v. Martin, 29,352 (La.App.2d Cir. 5/13/97), 694 So.2d 1209.
Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Riley, 587 So.2d 130 (La.App. 2d Cir.1991). Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Johnson, 404 So.2d 239 (La.1981). However, the mere presence of the defendant in the area where a controlled dangerous substance is found, or mere association with a person in possession of the substance, is insufficient to constitute constructive possession. State v. Harris, 597 So.2d 1105 (La.App. 2d Cir.1992); State v. Cann, 319 So.2d 396 (La.1975).
Several factors may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession. They are (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia and (6) evidence that the area was frequented by drug users. State v. Appacrombie, 616 So.2d 285, 288 (La.App. 2d Cir.), writ denied, 623 So.2d 1302 (La.1993).
In State v. Cann, supra, officers executing the search warrant found the defendant in a bedroom behind locked doors. No contraband was found on him or in the bedroom. Marijuana was found in the kitchen in plain view. Yet, the apartment belonged to someone else, and other people were found in the apartment. The court found that the evidence was not sufficient to uphold a finding that the defendant had constructive possession of the drugs. The court emphasized that there was no evidence that the defendant knew or had reason to know that the marijuana was in the kitchen, that he lived there, that he had been in the apartment on other occasions, that drugs were found on the defendant or in the bedroom where he was found, or that he had or shared possession, *516 dominion, or control over the marijuana in the house.
In State v. Harris, supra, the defendant, who was not shown to be a resident of the dwelling, was sitting on a couch with another party when police officers entered the house. The search of the house revealed a matchbox of cocaine behind the couch. This court, overturning a jury verdict against defendant, held that constructive possession of the matchbox by the defendant was not sufficiently proven since it was possible for either of the two parties on the couch to have dropped the drugs at the time of the arrest.
The above cases struggle with the establishment of constructive possession in search and seizure settings involving the presence of multiple parties where no actual possession of the illegal substance is present. These are circumstantial evidence cases. Under certain factual settings, shared constructive possession by all the parties might be inferred and substantially proven. Yet, in other settings, some of the parties' proximity to the contraband and their prior access to and occupancy of the area may be much stronger than the more casual connection of the other persons with the scene. In such cases, the inferences indicating the stronger dominion and control of the actual occupants of the area can cast reasonable doubt on the implication of the constructive possession of the other parties present on the premises.
When the body of circumstantial evidence gives rise to more than one hypothesis, our supreme court has said:
In all cases where an essential element of the crime is not proven by direct evidence, La. R.S. 15:438 applies. As an evidentiary rule, it restrains the factfinder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Hammontree, 363 So.2d 1364 at 1374 (La.1978); State v. Schwander, 345 So.2d 1173 at 1175 (La.1977); State v. Smith, 339 So.2d 829 at 833 (La. 1976). In applying La. R.S. 15:438, all the facts that the evidence variously tends to prove on both sides are to be considered, disregarding any choice by the factfinder favorable to the prosecution. The reviewer as a matter of law can affirm the conviction only if the reasonable hypothesis is one favorable to the state and there is no extant reasonable hypothesis of innocence.

State v. Shapiro, 431 So.2d 372 (La.1982). (Emphasis added.)
In this case, the state introduced no evidence of Douglas's occupancy of the house or recent visits by Douglas to the Yarborough Street residence. His location in the house at the time of the arrest was not attempted to be proven by the state. The cocaine was not in the plain view of the defendant. Under this weak body of evidence regarding Douglas, Douglas's knowledge of the existence of the cocaine hidden in the house is not established.
Regarding the other occupants, the state admitted that Steven Jones lived in the house, and the evidence showed that Melinda Jones frequented the premises and was found asleep in the bedroom at the time of the arrest. The Jones's occupancy of the residence and Melinda Jones's close proximity to the cocaine found in the bedroom strongly indicate their dominion and control over the contraband, thus raising an alternative hypothesis which creates a reasonable doubt regarding defendant's guilt. This alternative hypothesis of the Jones's control of the contraband remains on the face of the state's case and regardless of the defendant's explanation of his presence in the house, an explanation which the jury rejected. See, State v. Captville, supra.
Likewise, the presence of the defendant's driver's license in the storage closet is circumstantial evidence tending to show a possible prior connection with the house but is not strong enough to overcome the Jones's primary occupancy of the house. The driver's license was not found in the shirt where the cocaine was located, and the stronger inference drawn from Stephen Jones's occupancy indicates that the shirt belonged to him and not the defendant.
*517 In conclusion, having failed to prove that the defendant knew that the cocaine was in the Jones's residence and that he had dominion and control over it, the state's case against the defendant was insufficient to prove constructive possession. The circumstantial evidence fails to exclude every reasonable hypothesis of innocence and the conviction is therefore reversed.
CONVICTION REVERSED AND SENTENCE VACATED.
NOTES
[1] Notwithstanding defendant's contention in his second assignment of error that the trial court erred in denying his motion for post-verdict judgment of acquittal, the record reflects that he did not file such motion. Nevertheless, this court has elected to consider sufficiency arguments even in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir. 02/26/97), 691 So.2d 1273.