STEWART, J.
|2The defendant, Jamie D. Malone, was convicted by a jury of possession of marijuana and possession of hydrocdone. On April 19, 2010, she received a sentence of three years’ imprisonment at hard labor for possession of hydrocodone, and on April 26, 2010, she received a concurrent sentence of 180 days for the possession of marijuana conviction. Malone now appeals, urging four assignments of error. For the reasons stated below, we affirm Malone’s conviction, but remand for resen-tencing on the possession of marijuana conviction.
FACTS
On January 19, 2009, Jamie D. Malone was stopped as she was driving in Winn Parish. After she provided written consent for the search of the vehicle, Winn Parish deputies located both marijuana and hydrocodone under the driver’s floor-mat.
On August 19, 2009, Malone was charged by bill of information with possession of marijuana, with intent to distribute, in violation of La. R.S. |340:966(A)(1), and possession of hydrocodone,. with intent to distribute, in violation of 40:968(A)(1). She appeared at arraignment on September 16, 2009, and entered a plea of not guilty. A motion to suppress was heard on December 9, 2009, and was denied by the trial court.
In its case in chief, the state presented the testimony of four Winn Parish Sheriffs Office deputies. Deputy Ryan Etheridge stated that on January 19, 2009, he was on regular patrol in Winn Parish. Etheridge observed a vehicle in front of him cross the fog line of Louisiana Highway 167 three times. He initiated a traffic stop and identified Malone as the driver of the vehicle. At the time of the traffic stop, Deputy Etheridge knew that a “be on the lookout” (BOLO) order had been issued for Malone’s vehicle for suspicion of carrying illegal drugs. While writing the defendant a citation for driving under suspension, and no insurance, Deputy Etheridge observed Deputy Tommy Chandler arrive at the scene.
During his testimony, Deputy Chandler explained that on January 19, 2009, he was K-9 officer, working with a drug detecting dog, Tessa. Deputy Chandler received information that a vehicle heading north through Winn Parish would be carrying narcotics. He was given the make, model, and color of the vehicle, as well as the license plate number. He then issued the BOLO. Upon receiving word from Deputy Etheridge that the vehicle had 14been stopped, Deputy Chandler proceeded to the scene with Tessa. He then met Malone, advised her of her Miranda rights and asked if she would consent to a search of her vehicle. After she agreed to allow the search, he searched underneath the dash and found nothing. Tessa alerted on the driver’s side. He then observed the *340 floormat was pushed out underneath the pedal so he pulled back the mat and saw the baggies of marijuana and hydroeodone.
Deputy Stacy Johnson testified that he assisted in the traffic stop. He saw the K-9 “hit” on the driver’s side of the defendant’s vehicle. He then observed that the driver’s floormat was “pushed out a little bit and I reached and grabbed it and I pulled it back.” Deputy Johnson explained that “[tjhere was a zip lock baggy that was poking up right there and as you — as I pulled it back, it was green vegetable uh-vegetable like substance that was inside the baggy itself.” Deputy Johnson removed the bags containing marijuana and pills from the vehicle, then placed them into evidence.
Deputy Darrell Winder testified that took possession of the suspected drugs and sent them to the crime lab for analysis. He identified the drugs as well as the crime lab report at trial. According to the crime lab report, 19 pills were determined to contain hydroeodone, and the vegetable-like substance observed by Deputy Johnson was determined to be marijuana.
|5Malone testified on her own behalf. In her testimony, she asserted that she did not know that the drugs were present in the vehicle and that they were not her drugs. Malone testified that she was eating a hamburger and not paying attention to her driving at the time she was stopped. She also indicated that she had never used marijuana or hydroeodone, that she lost custody of her children because of her methamphetamine addiction, and that she was using methamphetamine while pregnant. She admitted at trial that two of her children were currently living in foster homes and, in an attempt to get the children back, she was regularly drug tested.
After considering the testimony presented during trial, the jury found Malone guilty of the responsive verdicts of possession of marijuana, a misdemeanor, and possession of hydroeodone, a felony. Malone’s sentencing date was then set for April 19, 2010, and she was allowed to remain on bond until this date. Three weeks prior to her sentencing date, Malone was arrested, and is currently charged by a bill of information for possession of methamphetamine with intent to distribute, possession of hydroeodone with intent to distribute, possession of legend drugs, and creation of or operation of a clandestine lab for the manufacture of methamphetamine.
|fiOn April 19, 2010, Malone received a sentence of three years’ imprisonment at hard labor for possession of hydroeodone. However, the court failed to impose a sentence for the jury’s verdict of possession of marijuana. Apparently realizing this mistake, on April 26, 2010, the trial court, on its own motion and without appearances of either attorney or Malone, sentenced her to 180 days without hard labor for possession of marijuana and ordered this sentence to run concurrent to the three-year hard labor sentence for possession of hy-drocodone. A motion to reconsider sentence was filed. This matter was heard on June 3, 2010, and denied. This timely appealed followed.
LAW AND DISCUSSION

Sufficiency of the Evidence

In her first assignment of error, Malone argues that the evidence introduced at her trial was insufficient to support her convictions. Specifically, she argues that the evidence failed to show that she was in constructive possession of the drugs.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency *341 of the evidence. The reason for reviewing 17sufficiency first is that the accused maybe entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, -viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. State v. Hearold; 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2 Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165; State v. Dotie, 43,819 (La.App.2d Cir.1/14/09), 1 So.3d 833.
The Jackson standard is applicable in eases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence |smust be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582; State v. Parker, 42,311 (La.App.2d Cir.8/15/07), 963 So.2d 497. La. R.S. 15:438 provides that the rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. The statutory test of La. R.S. 15:438 “works with the Jackson constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury.” State v. Neal, 00-0674 (La.9/21/01), 796 So.2d 649.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
| ¡¡To support a conviction for possession of a controlled dangerous substance, the state must prove the defendant was in possession of the illegal drug and that he knowingly possessed the drug. State v. Foster, 43,777 (La.App. 2 Cir. 1/28/99), 3 So.3d 595. The state need not prove that the defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Foster, supra; State v. Matthews, 552 So.2d 590 (La.App. 2 Cir.1989), writ denied,, 559 So.2d 137 (La.1990). In this case, because the drugs were not found on Malone’s person, constructive possession must be shown.
Constructive possession means having a relationship with an object such that it is subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. Foster, supra. Several factors may be considered in determining whether the defendant exercised dominion and control sufficient to consti *342 tute constructive possession. They are (1) the defendant’s knowledge the illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant’s access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5)the existence of paraphernalia; and (6) evidence the area is frequented by drug users. State v. Douglas, 30,398 (La. App.2d Cir.2/25/98), 707 So.2d 512.
hp hpGuilty knowledge is essential to the crime of unlawful possession of an illegal drug, and a defendant’s guilty knowledge must be inferred from the known facts considered according to reason and common experience. State v. Jenkins, 41,281 (La.App. 2 Cir. 1/24/07), 949 So.2d 563, writ denied, 2007-0699 (La.11/2/07), 966 So.2d 600; State v. Manning, 38,083 (La.App. 2 Cir. 3/12/04), 868 So.2d 283.
Viewed in the light most favorable to the prosecution, the evidence is sufficient to support Malone’s conviction. It is undisputed that she drove the vehicle and had dominion and free use of the vehicle. The prohibited substances were found under the driver’s floormat, which was readily accessible to Malone. Moreover, the drugs were not heavily concealed, but wei'e instead found under the driver’s floormat, which was within her arm’s reach. The uncontradicted testimony elicited during trial from both Winn Sheriffs Deputies and Malone indicated that she acted nervous during the traffic stop. After hearing Malone’s testimony that the drugs did not belong to her and that she had no idea the drugs were in the vehicle, the jury made a credibility determination that the drugs belonged to her. The jury’s factual and credibility calls will not be disturbed.
In sum, this assignment of error is without merit.

Suppression of the Evidence

| nIn this assignment of error, Malone contends that the trial court erred in failing to suppress the evidence in this case as the stop of the vehicle was illegal and a violation of her Fourth Amendment right against unreasonable searches and seizures. Specifically, she argues that the traffic stop was pretextual because the stop of her vehicle by Deputy Etheridge was based solely upon the BOLO issued by Deputy Chandler.
The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. O’Neal, 44,067 (La.App.2d Cir.4/8/09), 7 So.3d 182, writ denied, 2009-1243 (La.2/12/10), 27 So.3d 841; State v. Ledford, 40,318 (La. App.2d Cir.10/28/05), 914 So.2d 1168; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330.
The purpose of limiting warrant-less searches to certain recognized exceptions is to preserve the constitutional safeguards provided by a warrant, while accommodating the necessity of warrant-less searches under special 112circumstances. State v. O’Neal, supra. When the constitutionality of a warrant-less search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. La. C. Cr. P. art. 703(D); State v. O’Neal, supra.
*343 The entire record, including the testimony at trial, is reviewable for determining the correctness of a ruling on a pretrial motion to suppress. State v. Collins, 44,248 (La.App.2d Cir.5/27/09), 12 So.3d 1069. This court reviews the trial court’s ruling on a motion to suppress under the manifest error standard in regard to factual determinations, as well as credibility and weight determinations, while applying a de novo review to findings of law. State v. Collins, supra.
The authority and limits of the Fourth Amendment apply to investigative stops of vehicles. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985), 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605; United States v. Hensley, 469 U.S. 221,105 S.Ct. 675, 83 L.Ed.2d 604 (1985), 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604. The stopping of a vehicle and the detention of its occupants is a seizure within the meaning of the Fourth Amendment. United States v. Shabazz, 993 F.2d 431 (5th Cir.1993).
| i.qThe standard for evaluating a challenge to a routine warrantless stop for violating traffic laws is the two-step formulation articulated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed,2d 889 (1968). State v. Pena, 43,321 (La.App.2d Cir.7/30/08), 988 So.2d 841; State v. Sims, 40,300 (La.App.2d Cir.10/26/05), 914 So.2d 594. The court must determine “whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.” United States v. Shabazz, supra, quoting Terry v. Ohio, supra.
For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred or is about to occur before stopping the vehicle. United States v. Sharpe, supra; State v. Pena, supra; State v. Sims, supra. When determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048.
The determination of reasonable suspicion for an investigatory stop, or probable cause for arrest, does not rest on the officer’s subjective beliefs or 114attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of the challenged action. State v. Landry, 98-0188 (La.1/20/99), 729 So.2d 1019; State v. Pena, supra; State v. Arnold, 34,194 (La.App.2d Cir.12/6/00), 779 So.2d 840. If a police officer observes a traffic infraction, the subsequent stop for that offense is clearly legal; the standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. This objective standard is indifferent to the relatively minor nature of the traffic violation. State v. Stowe, 44,815 (La.App.2d Cir.10/28/09), 25 So.3d 945; State v. Stoutes, 43,181 (La.App.2d Cir.4/2/08), 980 So.2d 230.
In Louisiana, a car which partially leaves its lane of travel and crosses the fog line either at the center of a divided highway or on the right hand shoulder of the road violates La. R.S. 32:79(1) which provides in pertinent part that on a divided roadway, “[a] vehicle shall be driven as nearly as practicable entirely within a single lane ...” (emphasis added). Thus, when this statute is violated for no apparent reason, it provides the police with probable cause to believe that a traffic violation for improper lane usage has oc *344 curred. State v. Inzina, 31,439 (La.App.2d Cir.12/9/98), 728 So.2d 458.
11sDeputy Etheridge testified that he observed Malone committing a traffic violation by crossing the fog line three times. Malone did not contradict Deputy Ether-idge’s testimony. Instead, she acknowledged that she was eating a hamburger and not paying attention to her driving. In other words, Malone corroborated Deputy Etheridge’s testimony in providing a reason for her erratic driving. The fact that Deputy Etheridge observed Malone cross the fog line three times provided the necessary reasonable suspicion to believe that a traffic violation had been committed.
Therefore, Deputy Etheridge had grounds to conduct a lawful traffic stop. It is uncontradicted that once Deputy Eth-eridge lawfully stopped Malone, she provided written consent to the search of the vehicle. For these reasons, this assignment of error is without merit.

Objection to Defense Counsel’s Questions about Drug Testing

In this assignment of error, Malone argues that the trial court erred in sustaining the state’s objection to the defense’s questioning with regard to whether she tested positive for the presence of drugs in her system at the time of her arrest, as this limited her constitutional right to present her defense.
|1GA trial judge is vested with wide discretion in determining the relevancy of evidence; his ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981); State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied, 1998-1778 (La.11/6/98), 727 So.2d 444.
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
In this case, when defense counsel questioned Malone about the last time she had been tested for drugs, the state objected on the basis of relevance. The trial court sustained the objection and prohibited the defense from exploring this line of questioning, noting that evidence of Malone’s recent drug use or nonuse was not relevant to the issue of whether she was in constructive possession of marijuana and hydrocodone.
117The state’s argument and the trial court’s determination that evidence of Malone’s recent drug use or nonuse lacked any relevance to the issue of whether she was in constructive possession of marijuana and hydrocodone was incorrect. As discussed in the first assignment of error, a factor that may be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession of drugs includes evidence of recent drug use by the defendant. State v. Jenkins, supra; State v. Douglas, supra. Even though we disagree with the trial court’s evidentiary ruling, we find that the record shows that the ruling is harmless error because Malone was allowed to introduce similar, more probative evidence in support of her defense that the drugs were not hers. For example, the defense was permitted to question Malone regarding whether she ever used marijuana or hydrocodone. Malone responded that she had never used either drug.
This assignment is therefore without merit.

*345
Imposition of Sentence

Finally, Malone argues that the trial court erred in imposing sentence for the responsive verdict of possession of marijuana outside of her 118presence. As a result of this sentencing error, Malone argues that remand for resentencing is required so that the sentence can be imposed in her presence.
La. C. Cr. P. art. 835 states, in pertinent part:
In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.
Pursuant to this article, the phrase “excused by the court” means that in misdemeanor cases, upon the defendant’s request, the court may in its discretion excuse the defendant from the requirement that he be present when the sentence is pronounced. Greenidge v. Greenidge, 571 So.2d 905 (La.App. 5 Cir.1990); State v. Johnson, 482 So.2d 146 (La.App. 4 Cir.1986); La. Atty. Gen. Op. 97-50 (2/24/97).
Malone’s presence at the pronouncement of the sentencing for the possession of marijuana charge could have been waived only if she requested or waived her right to be present and the court excused her absence from sentencing. Since the record provides no indication that Malone waived her right to be present at the sentencing pronouncement, we conclude that the sentence imposed for the possession of marijuana charge | ,nwas invalid and must be set aside. For this reason, we find that this assignment has merit. Pursuant to La. C. Cr. P. art. 835, Malone must either be resentenced when her presence is secured, or request or waive her right to be present.

CONCLUSION

In closing, we affirm the defendant’s convictions, and remand for resentencing on the possession of marijuana conviction.
AFFIRMED IN PART, REMANDED IN PART.