CARAWAY, J.,
concurring.
[ 11 concur in the majority ruling. The issue of the defense’s lack of knowledge of Dr. Jin’s opinion about the murder weapon is problematic. A closer examination of the two gunmen’s alleged roles as principals in concert nevertheless allows me to affirm the conviction.
The law of principals, as set forth in La. R.S. 14:24 states that:
All persons concerning in the commission of a crime, whether present or absent, and wither they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The defendant’s mere presence at the scene is not enough to “concern” an individual in the crime. State v. Hampton, 98-0331 (La.4/23/99), 750 So.2d 867, cert denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999); State v. Schwander, 345 So.2d 1173 (La.1977). Nor can a jury’s inference that an accused aided and abetted in a crime be founded upon mere speculation based upon guilt by association. State v. Schwander, supra. Only those persons who knowingly participate in the planning or execution of the crime are principals. State v. Pierre, 631 So.2d 427 (La.1994). A principal may be connected only to those crimes for which he had the requisite mental intent. Acting in concert, each person becomes responsible not only for his own acts, but for the acts of the other. State v. Anderson, 97-1301 (La.2/6/98), 707 So.2d 1223. Under the law of principals, a person may be convicted of an offense even if he has not personally fired the fatal shot. State v. Hampton, supra.
In this case, the testimony established that Brooks and P.J. were members of the same street gang. P.J. was known to have carried an assault | ¿rifle on occasion. Eyewitness testimony established that on the day of the crime, prior to any shooting, the defendant, his brother and P.J. argued with the opposing group of individuals. An eyewitness indicated that it was after this first argument that Brooks, his brother and P.J. indicated that they would not tolerate getting beat up and that they were “fixing to go play pistol play.” Other eyewitnesses claim these statements were made after a second argument. Nevertheless, the opposing group came down the hill intending to fight the defendant, his brother and P.J. Further argument ensued between the groups which an eyewitness described as including “arguing, fighting, passing words.” Thereafter according to one eyewitness, Brooks ob *174 tained an assault rifle from his brother and began shooting directly at the crowd. P.J. followed suit with a handgun. One witness indicated that the two men ran toward the crowd as they shot. It was during these events that the victim was killed.
These facts exclude any reasonable possibility that this riotous confrontation involved two shooters acting independently and not in concert. The defendant’s and PJ.’s actions were sufficiently proven to be in concert, each procuring and aiding the other in their collective assault. That concerted effort allowed the jury to find them both principals in the commission of the crime. Such finding, which is not based upon any determination of which man’s gun inflicted the fatal harm, allows the conviction’s affirmance.