STATE OF LOUISIANA          *          **NO. 2020-KA-0029**

**VERSUS**          *          **COURT OF APPEAL**

**LEO DORSEY**          *          **FOURTH CIRCUIT**

         *          **STATE OF LOUISIANA**

         *

         *

**\* \* \* \* \* \* \***

## LEDET, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS

I dissent from the majority's conclusion that the evidence in this case is sufficient to support Mr. Dorsey's conviction for obstruction of justice. Obstruction of justice under La. R.S. 14:130.1(A)(1) is a specific-intent crime. To support a conviction, the State must prove more than the mere removal of evidence from a crime scene; the State must also prove that such removal was done with "the specific intent of distorting the results of any criminal investigation or proceeding that may reasonably prove relevant to a criminal investigation or proceeding." La. R.S. 14:130.1(A)(1).

As Mr. Dorsey points out, his conviction for obstruction of justice rests, in part, on circumstantial evidence. I agree with the majority that the circumstantial evidence in this case was sufficient to permit a rational juror to infer that Mr. Dorsey removed the firearm from the crime scene with the specific intent of distorting the results of the subsequent police investigation. In my view, however, the evidence was also sufficient to permit a rational juror to conclude that Mr. Dorsey had a different reason for—some other intent in—taking the firearm with him when he left the scene. Thus, the question this case presents is whether, when circumstantial evidence presents two reasonable hypotheses—one of guilt and one

1

of innocence—the circumstantial evidence is sufficient to support a verdict of guilt.

This question is unequivocally answered by La. R.S. 15:438, which provides that "[t]he rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." Under the plain language of the statute, whenever the evidence supports a reasonable hypothesis of innocence, the evidence is insufficient to support a conviction.[1]

Nonetheless, the Louisiana Supreme Court has construed La. R.S. 15:438 differently. Enacted in 1928, the statute has never been amended. For decades, the Louisiana Supreme Court gave the statute its plain meaning and regarded La. R.S. 15:438 as a guarantee and as a standard of review entirely separate from the requirements of due process.

For example, in In *State v. Shapiro*, 431 So.2d 372, 384-85 (La. 1982) (*on reh'g*), the Louisiana Supreme Court explained as follows:

> In *Jackson v. Virginia*, 443 U.S. 307 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that the Fourteenth Amendment's due process guarantee required that a state criminal conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Reasonable doubt may be overcome by circumstantial evidence, thus fulfilling the requirements of due process. However, federal due process standards do not require that circumstantial evidence exclude every hypothesis other than guilt.

---

[1] A jurisprudential exception to this rule exists. When a defendant has presented a particular hypothesis of innocence to the jury and the jury has nonetheless convicted the defendant, the defendant will not be allowed to reargue that hypothesis on appeal. *See State v. Captville*, 448 So. 2d 676, 680 (La. 1984) (holding that, "[w]hen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt"). The rationale for this exception is that the jury, in rejecting the defendant's hypothesis of innocence, has made a credibility determination that is unreviewable on appeal. In this case, however, the record on appeal, which contains neither opening statements nor closing arguments, does not establish that the defendant argued any particular hypothesis of innocence to the jury. Thus, this court is free—and, indeed, obliged—to consider any reasonable hypothesis of innocence supported by the evidence, or the lack thereof.

2

Circumstantial evidence in Louisiana criminal convictions is held to a higher standard. R.S. 15:438 provides:

> The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.

> The Louisiana legislature has, through this statute, provided greater protection against erroneous convictions based on circumstantial evidence than is provided by the Fourteenth Amendment. There is a possibility that the quality of evidence supporting a conviction would satisfy *Jackson v. Virginia*, *supra*, but would not satisfy the requirement of R.S. 15:438.

*Shapiro*, 431 So.2d at 383-84 (internal citations, quotations marks, and alterations omitted).

Thus, the Louisiana Supreme Court unequivocally reaffirmed what it had long held:

> In all cases where an essential element of the crime is not proven by direct evidence, La. R.S. 15:438 applies. As an evidentiary rule, it restrains the factfinder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. *State v. Hammontree*, 363 So.2d 1364 at 1373 (La. 1978); *State v. Schwander*, 345 So.2d 1173 at 1175 (La. 1977); *State v. Smith*, 339 So.2d 829 at 833 (La. 1976). In applying La. R.S. 15:438, all the facts that the evidence variously tends to prove on both sides are to be considered, disregarding any choice by the factfinder favorable to the prosecution. The reviewer as a matter of law can affirm the conviction only if the reasonable hypothesis is one favorable to the state and there is no extant reasonable hypothesis of innocence.

*Id.* at 384.[2]

---

[2] Indeed, in reaffirming this principle, the Louisiana Supreme Court expressly rejected as follows the holding it would later adopt:

> While, at an earlier time in *State v. Austin*, 399 So.2d 158 (La.1981), we expressed the *Jackson* constitutional standard and the circumstantial evidence rule of La. R.S. 15:438 in tandem, we more recently qualified that expression in *State v. Graham*, 422 So.2d 123 at 129 (La.1982), as follows:

> > [A] merger does not appear to promote clarity but could lead to a distortion of the standards. A combination of the rules may incorrectly imply that, when all of the evidence of the defendant's guilt is circumstantial, due process requires more than evidence which would satisfy any rational juror of proof of guilt

Despite the clarity of this jurisprudence, subsequent cases have purported to clarify it by attempting to harmonize the statutory protections of La. R.S. 15:348 with the constitutional guarantees of due process.[3] The result has been the dilution of the greater statutory protection afforded by La. R.S. 15:438.[4] *Cf.* Julie Schmidt Chauvin, *"For It Must Seem Their Guilt": Diluting Reasonable Doubt by Rejecting the Reasonable Hypothesis of Innocence Standard*, 53 LOY. L. REV. 217, 219 (2007) (observing that "[r]ejecting the reasonable hypothesis of innocence standard and implementing inadequate methods of review has resulted in a dilution of the now constitutionally required beyond a reasonable doubt standard of proof").

---

beyond a reasonable doubt. On the other hand, an in-tandem articulation *may seem improperly to diminish the requirement of the circumstantial evidence rule by implying that, in a close case, this court will defer to the jury's finding rather than follow its own determination of whether there is a reasonable hypothesis of innocence.* Although in many instances separate and dual applications of the rules will yield the same result, out of an abundance of caution we will proceed to apply each standard separately, as it was given to us by the framers. (Emphasis provided).

*Shapiro*, *supra*, at 384-85.

[3] *See State v. Mack*, 13-1311 (La. 5/7/14), 144 So.3d 983 (observing that, in *State v. Wright*, 445 So.2d 1198, 1201 (La. 1984), the court stated that, notwithstanding its prior jurisprudence, "ultimately, all evidence, both direct and circumstantial, must be sufficient under *Jackson* to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt" and that "the rule of La. R.S. 15:438 does not supplant *Jackson's* objective test of evidentiary sufficiency from the point of view of a hypothetical rational trier of fact, although it does provide an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt") (internal quotation marks and alterations omitted).

[4] For several reasons, the wisdom of this rejection of the greater statutory protection afforded by La. R.S. 15:438 may reasonably be questioned. First, it is contrary to La. C.C. art. 9, which provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Second, even assuming La. R.S. 15:438 suffered from some ambiguity that would permit construction beyond its plain language, the current construction is contrary to the rule of lenity, which requires that any ambiguity in criminal statutes be construed in favor of the accused. *See State v. Carr*, 99-2209, p. 4 (La. 5/26/00), 761 So.2d 1271, 1274 (observing that "[i]t is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity"). Third, even if the rule of lenity did not require such a construction, the jurisprudence should defer to the Legislature's policy decision to afford criminal defendants heightened protection from wrongful conviction in marginal cases based on circumstantial evidence.

In any event, the Louisiana Supreme Court's present jurisprudence has focused on the comparative reasonableness of the hypotheses of innocence and guilt. When the hypothesis of innocence is at least as reasonable as the hypothesis of guilt, the Louisiana Supreme Court has found that a rational juror should have entertained a reasonable doubt as to the defendant's guilt.[5] *See, e.g., State v. Quinn*, 19-0647 (La. 9/9/20), ___ So.3d ___, 2020 WL 5406137 (*per curiam*) (finding that, where the victim died of asphyxiation and the circumstantial evidence supported reasonable hypotheses that such asphyxiation could have been caused by suicide, by accident, or by murder, the evidence was insufficient to support the defendant's conviction for murder). Applying this standard, the Louisiana Supreme Court has cautioned that "[a]lthough the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence." *State v. Chism*, 436 So.2d 464, 470 (La. 1983).

In my view, the circumstantial evidence in this case established an hypothesis of innocence at least as reasonable as the majority's hypothesis of guilt. Mr. Dorsey entered into a bet with the victims, the object of which was his firearm. When Mr. Dorsey lost the bet, to avoid relinquishing his firearm, he shot the

---

[5] In practice, it is true that, in cases where the defendant's hypothesis of innocence turned on whether he had committed the *actus reus*, the Louisiana Supreme Court has been reluctant to second-guess the jury's verdict. The two cases relied on by the majority—*State v. Hoang*, 17-0100 (La. 3/26/19), 282 So.3d 189, and *State v. Mack*, 13-1311 (La. 5/7/14), 144 So.3d 983—belong to this category of cases. *See also, e.g., State v. Mayeux*, 19-00369 (La. 1/29/20), ___ So.3d ___; *State v. Crawford*, 14-2153 (La. 11/16/16), 218 So.3d 13; *State v. Oliphant*, 13-2973 (La. 2/21/14), 133 So.3d 1255. By contrast, however, in cases where the hypothesis of innocence turned not on whether the defendant committed the *actus reus* but instead on whether the defendant had the required *mens rea*, the court has been more willing to find that a rational juror should necessarily have entertained a reasonable doubt. *See, e.g., State v. Jacobs*, 504 So.2d 817 (La. 1987); *see also State v. Dorsey*, 10-0216, p. 43 (La. 9/7/11), 74 So. 3d 603, 633 (emphasizing that "the question before th[e] Court [was] not whether the evidence was legally sufficient to prove specific intent, but whether it was legally sufficient to prove defendant's identity as the perpetrator").

victims. Thereafter, Mr. Dorsey did not linger. He did not collect the shell casings ejected from his gun. He did not destroy the surveillance video that documented his presence at the residence. He left unharmed witnesses in another room of the house. He simply left. From this evidence, a rational juror could have inferred that, in taking the firearm with him, Mr. Dorsey gave no thought to distorting the results of any criminal investigation or proceeding; he simply refused to part with his firearm under any circumstances.[6]

The majority counters that, in his interview with the police, Mr. Dorsey lied and, in so doing, demonstrated his intent to obstruct the police investigation. There are several problems with this reasoning. First, under *Ramos*, no jury has returned a lawful verdict in this case regarding the second-degree murder of T.T. and the attempted murder of S.G.; it is therefore inappropriate for this court to make a factual finding that Mr. Dorsey was lying to the police when he denied his involvement in those crimes and attempted to offer an exculpatory explanation. Second, even assuming, *arguendo*, that Mr. Dorsey is guilty and lied to the police with the intent to distort the results of the investigation, his intent at that time— eight days after the murder and while being interrogated police—is not probative of his intent at the time he left the crime scene. Finally, as previously discussed, the hypothesis that Mr. Dorsey had the specific intent to distort the results of the

---

[6] The majority suggests that we should not entertain this hypothesis of innocence because Mr. Dorsey "did not argue that the evidence was insufficient to prove that he acted with the specific intent to distorting the results of the police investigation." I disagree for two reasons. First, the majority is mistaken. In his supplemental brief, Mr. Dorsey recited the law regarding both specific intent and circumstantial evidence and asserted that "there is no evidence in the record to prove that appellant Dorsey did anything with the specific intent to obstruct justice." Second, even if Mr. Dorsey had not specifically briefed the issue of specific intent, we would still be obliged to consider the issue. *State v. Thacker*, 14-0418 (La. 10/24/14), 150 So.3d 296, 297. observing that "[w]hen the state's case is devoid of evidence of an essential element of the charged offense, the conviction and sentence must be set aside regardless of how the error is brought to the attention of the reviewing court" (internal quotation marks omitted); *see also State ex rel. Womack v. Blackburn*, 393 So. 2d 1216, 1220 (La. 1981) (Lemmon, J., concurring) (observing that "if insufficiency can be assigned as error for the first time on appeal, certainly the court can recognize this constitutional defect on its own . . . because no one should remain in prison if he has been convicted on insufficient evidence").

police investigation when he left the scene is belied by the fact that he left behind shell casings, video surveillance, and witnesses.

Accordingly, in my view, the circumstantial evidence was sufficient to support a hypothesis of innocence at least as reasonable as the majority's hypothesis of guilt, such that a rational juror should have entertained a reasonable doubt as to Mr. Dorsey's guilt. Thus, I would find the evidence insufficient to support Mr. Dorsey's conviction for obstruction of justice; and I would enter a judgment of acquittal on that charge. *See State v. Phillips*, 412 So.2d 1061, 1063 (La. 1982) (observing that "[w]hen a reviewing court reverses a conviction on the ground of evidentiary insufficiency, as distinguished from trial error, the double jeopardy clause of the fifth amendment precludes a second trial and requires the direction of a judgment of acquittal" and citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). I, therefore, dissent from the majority's decision to affirm Mr. Dorsey's conviction for obstruction of justice.

In all other respects, I concur in the result reached by the majority opinion.