763 So.2d 583 (2000)
STATE of Louisiana
v.
Don COWAN.
No. 99-KK-2888.
Supreme Court of Louisiana.
June 16, 2000.
*584 PER CURIAM:[*]
Granted. The order of the court of appeal is vacated and the ruling of the trial court is reinstated. La.C.Cr.P. art. 215.1(D) does not preclude a police officer, who may lack reasonable suspicion of other criminal activity, from engaging a motorist in conversation while investigating a routine traffic violation. In the present case, that conversation, when coupled with the subsequent alert by a drug dog on the closed and locked toolbox in the bed of the defendant's truck, provided the police with probable cause to search for contraband. However, the police had no duty to end their investigation at that point and to arrest the defendant formally before determining the contents of the tool box to confirm or discount the drug dog's alert. Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966) ("Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction."). The investigation had therefore not yet passed its preliminary stages when the officers asked the defendant if he had a key to the toolbox and elicited his admission that he had the key but would not give it to them. Accordingly the absence of Miranda warnings did not taint the defendant's response. Miranda v. Arizona, 384 U.S. 436, 477, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966) ("General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding."). The officers otherwise had exigent circumstances to justify an immediate warrantless search of the closed and locked tool box under the automobile exception to the warrant requirement of the Fourth Amendment. California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."). The right to search gave the officers the authority to force the lock on the tool box. See United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir.1997); United States v. Torres, 32 F.3d 225, 232 (7 th cir.1994). Under these circumstances, even assuming that the absence of Miranda warnings rendered the *585 officers' subsequent acquisition of the key from defendant unlawful, or that the search of defendant's pocket for the key was not justified without his consent, the officers inevitably would have discovered the marijuana by lawful means even if no misconduct had taken place. Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984).
CALOGERO, C.J., and LEMMON, J., would grant, docket and decide the case after briefing and argument.
NOTES
[*] Johnson, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.