988 So.2d 841 (2008)
STATE of Louisiana, Appellee
v.
Antonio PENA, Jr., Appellant.
No. 43,321-KA.
Court of Appeal of Louisiana, Second Circuit.
July 30, 2008.
*844 Joseph C. Miciotto, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, J.
The defendant, Antonio Pena, Jr., was charged by bill of information with possession with intent to distribute a Schedule I controlled dangerous substance ("CDS"), marijuana, in a quantity of over 60 pounds, in violation of LSA-R.S. 40:966(F)(1) and conspiracy to distribute a Schedule I CDS, marijuana, in violation of LSA-R.S. 40:979. The defendant entered a plea of guilty to possession of marijuana in a quantity of more than 60 pounds, reserving the right to appeal certain issues pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve ten years in prison at hard labor without benefit of probation, parole or suspension of sentence. For the reasons set forth herein, we affirm the defendant's conviction, amend the defendant's sentence to order that the defendant shall serve ten years at hard labor, with five years of the sentence to be served without benefit of probation or parole. We affirm the defendant's sentence as amended and remand this matter to the trial court for correction of the minutes to reflect that the defendant will be eligible for probation or parole after serving five years.

FACTS
On May 26, 2006, at approximately 2:30 p.m., the defendant was driving east on Interstate 20 in Bossier Parish in a green Lincoln LS with a Texas license plate. Louisiana State Trooper Shane Sears effected a stop of the vehicle, suspecting that the window tint was illegal, the license plate was improperly displayed and the defendant was not wearing a seatbelt. Upon coming into contact with the defendant, Trooper Sears discovered that the defendant did not have a driver's license and the vehicle was not registered. The trooper also observed that the defendant gave inconsistent answers to questions posed. While Trooper Sears was writing the defendant citations for the failure to have a driver's license and driving an unregistered vehicle, he learned that the defendant had been convicted of felony possession *845 of marijuana and a weapons charge in the state of Texas. Based on those circumstances, the trooper requested consent to search the vehicle. The defendant refused to give consent. Another trooper, James Nash, arrived on the scene and remained with the defendant while Trooper Sears went to his unit to retrieve a dog from the K-9 unit. The K-9 performed a free-air sniff and alerted the troopers to the trunk of the vehicle. Trooper Nash advised the defendant of his Miranda rights, and Trooper Sears conducted a search of the trunk. The search revealed two cardboard boxes containing 15 plastic-wrapped bundles of a substance suspected to be marijuana. It was later determined that the boxes contained 72 pounds of marijuana.
The defendant was charged with possession of marijuana (over 60 pounds) with intent to distribute and conspiracy to distribute a controlled dangerous substance. The defendant filed a motion to suppress "all evidence seized as the result of the arrest of the defendant and the search of the vehicle driven by the defendant...." In lieu of a hearing, the state and the defendant agreed to submit joint exhibits which included photographs of the defendant's vehicle, police reports and arrest records. After reviewing the evidence submitted, the trial court denied the motion to suppress.
The defendant pled guilty to possession of marijuana in a quantity of more than 60 pounds, reserving his right to appeal the court's ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In exchange for the guilty plea, the state agreed to nolle prosequi the conspiracy charge. The defendant was sentenced to serve ten years in prison at hard labor without benefit of probation, parole or suspension of sentence. The defendant filed a timely motion to reconsider sentence which was denied. This appeal ensued.

DISCUSSION
The defendant contends the trial court erred in denying his motion to suppress. The defendant argues that the reasons given to justify the stop of his vehicle were pretexts, stating that he was not cited for any of the alleged reasons for the stop. He alleges that the trooper only cited him for driving without a driver's license and driving an unregistered vehicle, violations discovered after the vehicle was stopped.
The state bears the burden of proof when a defendant files a motion to suppress evidence obtained without a warrant. LSA-C.Cr.P. art. 703(D). The entire record is reviewable for determining the correctness of a ruling on a motion to suppress. State v. Young, 39,546 (La.App. 2d Cir.3/2/05), 895 So.2d 753. A trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. State v. White, 39,681 (La.App. 2d Cir.5/11/05), 903 So.2d 580; State v. Normandin, 32,927 (La.App. 2d Cir.12/22/99), 750 So.2d 321, writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 550.

Initial stop
The authority and limits of the Fourth Amendment apply to investigative stops of vehicles. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). The stopping of a vehicle and the detention of its occupants is a seizure within the meaning of the Fourth Amendment. U.S. v. Shabazz, 993 F.2d 431 (5th Cir. 1993). The standard for evaluating a challenge to a routine warrantless stop for violating traffic laws is the two-step formulation articulated in Terry v. Ohio, 392 *846 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Sims, 40,300 (La.App. 2d Cir.10/26/05), 914 So.2d 594. The court must determine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." U.S. v. Shabazz, 993 F.2d at 435, quoting Terry v. Ohio, 392 U.S. at 20, 88 S.Ct. 1868.
For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred or is about to occur, before stopping the vehicle. United States v. Sharpe, supra; State v. Sims, supra. When determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048. The determination of reasonable suspicion for an investigatory stop, or probable cause for arrest, does not rest on the officer's subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of the challenged action. State v. Landry, 98-0188 (La.1/20/99), 729 So.2d 1019; State v. Arnold, 34,194 (La.App. 2d Cir.12/6/00), 779 So.2d 840. When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable. Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
In this case, the stop of the vehicle being driven by the defendant was based upon Trooper Sears' observation that the vehicle's license plate was improperly displayed, the window tint was too dark and the defendant was not wearing a seat belt. The photographs introduced into evidence revealed that although the numbers and letters on the license plate were clearly visible, the top and bottom portions of the plate were partially obscured by a license plate frame.[1] The photographs also established that all of the windows on the vehicle were tinted. Although the degree of the window tint was not established, it is clear from the photographs that the front windows were covered in a light tint, making it possible to see inside of the vehicle. However, the remaining windows were covered in a very dark tint, which significantly reduced the light transmission of the windows, making it very difficult to see inside of the vehicle.[2] As stated above, although the front *847 windows of the vehicle were tinted, the tint was light enough for the officer to see inside of the vehicle to observe whether or not the defendant was wearing a seatbelt. A driver's failure to wear a seat belt constitutes reasonable cause for a stop. State v. Triplet, 42,357 (La.App. 2d Cir.8/15/07), 962 So.2d 506; State v. Jackson, 2004-728 (La.App. 5th Cir.12/14/04), 892 So.2d 71, writ denied, 2005-548 (La.1/9/06), 918 So.2d 1033.[3]
The defendant introduced no evidence that Trooper Sears did not have reasonable suspicion that a traffic violation had occurred. The defendant's contention that he was stopped because he is Hispanic was not supported by the record. The record contained photographs of the defendant which show that his ethnicity was not readily recognizable.
After reviewing the record in its entirety, we conclude that at the inception of the stop, Trooper Sears had reasonable suspicion that a traffic violation had occurred. As stated above, our inspection of the photographs introduced into evidence revealed that the license plate was partially obscured and most of the windows on the vehicle were tinted in a very dark tint. Even if the trooper had later determined that the degree of tint on the windows was acceptable, he was justified in stopping the vehicle to further investigate a possible infraction. See, State v. Wyatt, 99-2221 (La.App. 4th Cir.9/27/00), 775 So.2d 481. We find no error in the trial court's ruling that the defendant's Fourth Amendment rights were not violated by the initial stop of the vehicle.

Detention/Search
The defendant contends his continued detention after he was issued a citation was unreasonable. The defendant argues that his prolonged detention and subsequent arrest violated his constitutional rights.
During detention of an alleged violator of any provision of the motor vehicle laws of this state, an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity. LSA-C.Cr.P. art. 215.1(D). LSA-C.Cr.P. art. 215.1(D) does not preclude a police officer, who may lack reasonable suspicion of other criminal activity, from engaging a motorist in conversation while investigating a routine traffic violation. State v. Cowan, 99-2888 (La.6/16/00), 763 So.2d 583.
The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained. See, State v. Cowan, supra; U.S v. Jackson, 120 F.3d 1226, 1229 (11th Cir.1997); U.S. v. Torres, 32 F.3d 225 (7th Cir.1994). Additionally, a canine search is not a "search" within the meaning of the Fourth Amendment. U.S v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Gant, 93-2895 (La.5/20/94), 637 So.2d 396; State v. Paggett, 28,843 (La.App. 2d Cir. 12/11/96), 684 *848 So.2d 1072. Once a dog alerts on the trunk of the vehicle, police officers have probable cause to search the vehicle without first obtaining a warrant. See, Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
In State v. Cowan, supra, during a traffic stop, a K-9 alerted on a locked toolbox located in the bed of the defendant's truck. Thereafter, police officers searched the defendant's pocket, removed the key to the toolbox, unlocked it and searched it. The court upheld the search, stating:
[The officers' conversation with the defendant], coupled with the subsequent alert by [the K-9] ..., provided the police with probable cause to search for contraband. However, the police had no duty to end their investigation at that point and to arrest the defendant formally before determining the contents of the tool box to confirm or discount the drug dog's alert. Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966) ("Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.").
Id. at 584. The court concluded that the defendant's refusal to give the officers the key to the toolbox created exigent circumstances to justify an immediate search of the tool box and concluded:
Under these circumstances, even assuming that the absence of Miranda warnings rendered the officers' subsequent acquisition of the key from defendant unlawful, or that the search of defendant's pocket for the key was not justified without his consent, the officers inevitably would have discovered the marijuana by lawful means even if no misconduct had taken place. Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984).
Id. at 584-85.
In the instant case, Trooper Sears stopped the defendant and engaged him in conversation, asking him where he was going. The defendant gave inconsistent answers with regard to his reason for being in Louisiana and his destination. The defendant first indicated that he came to Bossier City from Dallas, Texas to "get something to eat." He later stated that he came "to gamble." While writing the traffic citation, the trooper conducted a computer check into the defendant's criminal background which revealed a 2001 conviction for felony possession of marijuana (between 50-2,000 pounds) in Dallas, Texas and a 2005 misdemeanor conviction for unlawful carrying of a weapon in Arlington, Texas. Based on this information, the trooper asked for consent to search the vehicle. When the defendant refused to give consent, Trooper Sears detained him and went to his police unit to get the K-9. Once the K-9 alerted on the trunk of the vehicle, the troopers had probable cause to search the vehicle and its compartments for contraband. Thus, we find no error in the trial court's denial of the motion to suppress the evidence. This assignment is without merit.

Excessive Sentence
The defendant also contends his sentence is "clearly excessive under the circumstances." He argues the sentence is grossly disproportionate to the offense and does not take into account the individual circumstances of the offense and the offender.
In reviewing a sentence for excessiveness, this court must first determine *849 whether the trial court complied with the provisions of LSA-C.Cr.P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App. 2d Cir.1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Before imposing the sentence, the trial court complied with the sentencing guidelines as required by LSA-C.Cr.P. art. 894.1. In particular, the trial court examined the defendant's criminal history, which included a felony drug conviction for which he received a suspended eight-year sentence in 2001. The defendant also had a misdemeanor conviction for unlawful carrying of a weapon in 2005. Further, a probation violation warrant was pending at the time of sentencing.
We find that the sentence imposed was not severe, given the circumstances of the case and the defendant's criminal background. We also note that the defendant received a substantial benefit when the state nolle prossed the conspiracy to distribute marijuana charge and agreed not to charge him as a habitual offender. Further, there is no showing that the trial court abused its wide discretion in sentencing this defendant. It is not this court's role to determine whether another sentence would be more appropriate, but to determine whether the trial court abused its discretion. Considering this defendant and the offense, this sentence does not constitute a needless infliction of pain and suffering, nor does this sentence shock the sense of justice.
This assignment lacks merit.

ERRORS PATENT
Pursuant to LSA-C.Cr.P. art. 920, this court has examined the record and we note the presence of two errors patent. Before accepting the guilty plea, the trial court informed the defendant that he would be fined not less than $50,000, nor more than $100,000, as required by LSA-R.S. 40:966(F)(1). However, the court failed to impose a fine, resulting in an illegally lenient sentence. Pursuant to *850 LSA-C.Cr.P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this court has recognized, this court is not required to take such action. See, State v. Jones, 42,531 (La.App. 2d Cir.11/7/07), 968 So.2d 1247; State v. Griffin, 41,946 (La. App. 2d Cir.5/2/07), 956 So.2d 199. The state did not object to the error and the defendant was not prejudiced in any way by the failure to impose the mandatory fine. Thus, we decline to remand the case for correction of the sentence to include a fine.
Further, the defendant was sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence. The sentencing range for possession of more than sixty, but less than two thousand, pounds of marijuana, is five to thirty years at hard labor. LSA-R.S. 40:966(F)(1). Subsection G provides:
With respect to any person to whom the provisions of Subsections D and F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection D or F.
In the instant case, the trial court was correct in not suspending, deferring or withholding any portion of the defendant's sentence. However, we find that the court erred in sentencing the defendant to serve the entire sentence without benefit of parole or probation. Pursuant to the statute, the defendant is eligible for probation or parole once he serves the minimum sentence of five years. Thus, we amend the defendant's sentence to provide that the defendant shall serve ten years at hard labor, with five years of the sentence to be served without benefit of probation or parole. See, State v. Knight, XXXX-XXXX (La. App. 3d Cir.10/30/02), 829 So.2d 1160.[4]

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction. We amend the defendant's sentence to order that the defendant shall serve ten years at hard labor, with five years of the sentence to be served without benefit of probation or parole. We affirm the defendant's sentence as amended and remand this matter to the trial court for correction of the minutes to reflect that the defendant will be eligible for probation or parole after serving five years.
CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] LSA-R.S. 47:507, which governs the display of vehicle license plates, provides, in pertinent part:

A. The permanent registration license plate assigned to a trailer, semitrailer, motorcycle, or other motor vehicle shall be attached to the rear thereof....
B. Every permanent registration license plate shall at all times be securely fastened to the vehicle to which it is assigned, ... in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible.
[2] LSA-R.S. 32:361.1 governs window tinting. It reads, in pertinent part:

* * *
B. Except as provided by R.S. 32:361.1(C), no person may operate a motor vehicle with any object or material placed on or affixed to the front windshield or to front side windows of the vehicle so as to obstruct or reduce the driver's clear view through the front windshield or front side windows, nor place on or affix to the front windshield or the front side windows of a motor vehicle, any transparent material if the material alters the color or reduces the light transmission of the windshield or front side windows.
C. The provisions of this Section do not apply to any of the following:
(1) A sun screening device when used in conjunction with automotive safety glazing materials on the front side window, with a light transmission of at least forty percent, all tolerances included, side window behind the driver with a light transmission of at least twenty-five percent, all tolerances included, and rearmost windows with a light transmission of at least twelve percent, all tolerances included. All sun screening devices shall not have a luminous reflectance of more than twenty percent.
* * *
[3] LSA-R.S. 32:295.1 requires seat belt use by occupants of vehicles.
[4] In State v. Knight, supra, the defendant was convicted of possession of marijuana in an amount of more than 60 but less than 2,000 pounds and was sentenced to serve 15 years at hard labor without benefit of parole, probation or suspension of sentence. The court of appeal found that the trial court erred in ordering the defendant to serve the entire sentence without the benefit of parole, probation or suspension of sentence. The court amended the sentence to provide that the defendant serve only the minimum sentence (then 10 years) without benefits.