# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30731

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MILTON HENRY,
  Also Known as Milton James Henry, Also Known as Milton J. Henry,

Defendant–Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana

Before SMITH, ELROD, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Milton Henry appeals his convictions of possession of a firearm by a felon and possession of marihuana, contending that all of the evidence should have been suppressed. He asserts that the officers who stopped his vehicle had no reasonable suspicion that he had engaged in any illegal activity. The officers aver that they believed Henry was in violation of Louisiana law because his

No. 16-30731

license-plate frame obstructed the expiration date on his registration sticker. Because the officers' interpretation of the law was objectively reasonable, we affirm.

I.

While patrolling in Baton Rouge, police officers Carl Trosclair and Marty Freeman noticed that Henry's license-plate frame obstructed the view of the expiration date on the plate's registration sticker. Believing that the obstruction violated Louisiana law, they pulled Henry over. Trosclair approached the vehicle and asked for Henry's license. While talking to Henry, Trosclair noticed a strong odor of marihuana and instructed Henry and his passenger to exit the vehicle. Trosclair advised Henry of his *Miranda* rights and asked whether he had any marihuana. Henry admitted that he had a marihuana blunt in the ashtray; he also informed Trosclair that his wife's gun was in the center console.

Henry consented to a search of his vehicle, which produced two bags of marihuana, a digital scale, and a loaded handgun. Henry acknowledged that the marihuana and scale belonged to him. After the officers had detained Henry in the back of their police car, Henry's wife arrived. She denied ownership of anything in the car, including the gun, and consented to a search of her and Henry's house, where officers discovered additional bags of marihuana, a bag of cocaine, and drug paraphernalia.

Henry was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and for possession of marihuana in violation of 21 U.S.C. § 844(a). He moved to suppress evidence seized as a result of the traffic stop, but the court denied the motion, concluding that the stop was not unreasonable, even if based on a mistake of law. After a bench trial, the court convicted Henry on both counts.

2

No. 16-30731

## II.

Henry contends that the court erred in denying his motion to suppress. He maintains that the traffic stop was unlawful because Freeman and Trosclair did not have reasonable suspicion that he had engaged in any illegal activity. The officers averred that they believed Henry's obstructed registration sticker violated Louisiana Statutes Annotated § 32:53(A)(3), which provides that "[e]very permanent registration license plate . . . shall be maintained free from foreign materials and in a condition to be clearly legible."[1] Henry counters that Section 32:53 does not apply to obstructed registration stickers and that the officers' interpretation of the statute was unreasonable.

## A.

"In reviewing a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. In reviewing findings of fact, we view the evidence in the light most favorable to the party prevailing below, which in this case is the Government." *United States v. Andres*, 703 F.3d 828, 832 (5th Cir. 2013) (citations omitted). When determining whether the facts provided reasonable suspicion, "we must 'give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'"[2]

## B.

"Traffic stops are deemed seizures for the purposes of the Fourth

---

[1] At the time of the stop, the quoted language was located in Section 47:507(B). In 2014, Section 47:507(B) was repealed and its contents added to Section 32:53. We follow the parties' practice of referring to the current statute.

[2] *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

No. 16-30731

Amendment."[3]

> We analyze the constitutionality of traffic stops under the two-part inquiry of *Terry v. Ohio*, 392 U.S. 1 (1968). First we determine whether the stop was justified at its inception. If the initial stop was justified, we determine whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop of the vehicle in the first place. For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle.

*Andres*, 703 F.3d at 832 (citations, heading, and paragraph break omitted). Reasonable suspicion can rest on a mistake of law or fact if the mistake is objectively reasonable.[4]

## C.

Henry contends that the initial stop was not justified.[5] He does not contest the district court's finding that his license-plate frame obstructed the view of the expiration date on his registration sticker. Instead, he asserts that Section 32:53(A)(3) does not cover obstructed registration stickers. He maintains that the statute, which provides that "[e]very permanent registration license plate . . . shall be maintained free from foreign materials and in a condition to be clearly legible," requires only that the letters and numbers on

---

[3] *Id.* (citing *United States v. Valadez*, 267 F.3d 395, 397 (5th Cir. 2001)).

[4] *United States v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015) (first citing *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014); and then citing *Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990)).

[5] Henry does not contest the district court's conclusion that, assuming the initial stop was justified, the officers' subsequent actions were justified by Trosclair's detection of a marihuana odor. *See United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) ("[T]he detection of the odor of marihuana justifie[s] a search of the entire vehicle, including the locked compartment that [is] a likely place to conceal contraband."); *United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010) ("[I]f additional reasonable suspicion arises in the course of the stop and before the initial purpose of the stop has been fulfilled, then the detention may continue until the new reasonable suspicion has been dispelled or confirmed.").

4

the plate itself be clearly legible. The government disagrees, asserting that Section 32:53 prohibits obstruction of attached registration stickers by a license-plate frame, which the government categorizes as a "foreign material[ ]."

We need not opine on the proper interpretation of Section 32:53, because Louisiana caselaw establishes that the officers' interpretation, even if mistaken, was objectively reasonable.[6] In *State v. Pena*, 988 So. 2d 841, 844 (La. App. 2 Cir. 7/30/08); 988 So. 2d 841, 844, the court considered whether an officer had reasonable suspicion to stop a vehicle based on, among other things, improper display of a license plate. "The photographs introduced into evidence revealed that although the numbers and letters on the license plate were clearly visible, the top and bottom portions of the plate were partially obscured by a license plate frame." *Id.* at 846. After citing Louisiana Statutes Annotated 47:507(B), the predecessor to Section 32:53(A)(3),[7] the court concluded that the officer "had reasonable suspicion that a traffic violation had occurred" because, in part, "the photographs introduced into evidence revealed that the license plate was partially obscured . . . ." *Id.* at 846–47.[8]

Given *Pena*, Freeman and Trosclair's belief that Section 32:53(A)(3) prohibited an obscured registration sticker was objectively reasonable. *Pena* directly rejects Henry's position that Section 32:53 applies only to the lettering

---

[6] *See Heien*, 135 S. Ct. at 540 (holding that an officer's mistake of law was objectively reasonable because, in part, North Carolina appellate courts had not previously interpreted the state provision); *Alvarado-Zarza*, 782 F.3d at 250 (holding that an officer's mistake of law was not objectively reasonable because, in part, the Texas Court of Criminal Appeals had rejected the officer's interpretation).

[7] As explained above, Section 47:507 was repealed in 2014, and its contents were inserted verbatim into Section 32:53.

[8] The court additionally held that the officer had reasonable suspicion of a window-tint violation. *Pena*, 988 So. 2d at 847.

and numbering on the plate itself. To the contrary, the court held that a license-plate frame that obscured part of the plate violated the statute, even though the lettering and numbering on the plate was "clearly visible." *Id.* Though *Pena* does not specifically address obscured registration stickers, its broad construction of the statute can reasonably be construed to apply to them.[9]

In sum, we take no position on the correct interpretation of Section 32:53(A)(3). We conclude only that, given *Pena*, the officers' belief that Henry's obstructed registration sticker violated Section 32:53, even if mistaken, was objectively reasonable. Thus, they had reasonable suspicion, which justified the traffic stop.

The judgments of conviction are AFFIRMED.

---

[9] Indeed, *Pena* states only that "the top and bottom portions of the plate were partially obscured by a license plate frame." *Id.* at 846. It does not indicate that *any* particular text was obscured. *Pena*'s broad construction of the Louisiana statute distinguishes this case from *United States v. Flores*, 798 F.3d 645 (7th Cir. 2015), in which the officer's interpretation of a similar Illinois statute was unreasonable in light of state-court decisions that had construed it narrowly.