PER CURIAM:
Writ granted; relief denied. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States , 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Here, the officer had probable cause to believe that defendant violated La.R.S. 32:53(A)(3) in effect at the time of the traffic stop, which provided, "Every permanent registration license plate shall at all times be securely fastened to the vehicle to which it is assigned, so as to prevent the plate from swinging, and at a height not less than twelve inches from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and shall be maintained free from foreign materials *591 and in a condition to be clearly legible." The court of appeal erred, however, in citing this statute as it was amended by 2017 La. Acts 46, which amendment became effective after the traffic stop at issue. Regardless, the officer's belief that defendant had violated La.R.S. 32:53(A)(3) in effect at the time of the traffic stop was objectively reasonable. See State v. Pena , 43,321 (La. App. 2 Cir. 7/30/08), 988 So.2d 841 ; see also United States v. Henry , 853 F.3d 754, 757 (5th Cir. 2017) ("Given Pena , Freeman and Trosclair's belief that Section 32:53(A)(3) prohibited an obscured registration sticker was objectively reasonable"). Accordingly, we grant the application but deny defendant relief, leave the court of appeal's ruling intact that reversed the district court's grant of defendant's motion to suppress, and remand to the district court for further proceedings.
REMANDED
JOHNSON, C.J., would grant relief.
GENOVESE, J., would grant relief.