Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,188-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

DAMON KEITH GILMORE                   Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2022-125F

Honorable Will Barham, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Paula Corley Marx

PENNY WISE DOUCIERE                   Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and MARCOTTE, JJ.

**COX, J.**

This criminal appeal arises from the Fifth Judicial District Court, Franklin Parish, Louisiana. On February 24, 2022, a true bill of indictment was returned, charging defendant, Damon Keith Gilmore ("Gilmore"), with second degree murder, in violation La. R.S. 14:30.1 (count one); hit and run driving resulting in death or serious bodily injury, in violation of La. R.S. 14:100 (count two); and obstruction of justice by tampering with evidence, in violation of La. R.S. 14:130.1(A)(1) (count three).

Pursuant to a plea agreement, Gilmore pled guilty to one count of vehicular homicide, in violation of La. R.S. 14:32.1, and one count of hit and run driving resulting in death, in violation of La. R.S. 14:100. Gilmore was subsequently sentenced to 30 years at hard labor with a $2,000 fine, plus costs, for count one and 20 years at hard labor for count two. The sentences were ordered to be served concurrently.

For the following reasons, we vacate and remand Gilmore's sentences for resentencing in accordance with this opinion.

## FACTS

According to the record, on December 15, 2021, dispatch received a call from a motorist that they observed a body lying on the road on Highway 562 East in Franklin Parish. The victim was identified as Brianna Darby ("Darby"), Gilmore's girlfriend. Gilmore claimed that he and Darby had gotten into an argument when he told her that he wanted to end their relationship and resume his marriage with Heather Gilmore. Gilmore told officers that when Darby left his camper, he went looking for her in his truck. Gilmore explained that as he was driving, Darby suddenly jumped in front of his truck, and he struck her unintentionally.

Gilmore maintained that at the time Darby was struck, he was travelling at approximately 60 miles per hour ("mph"). However, a search warrant for the recorded data in Gilmore's truck reflected that at one half second before the impact, Gilmore was traveling at 122 mph, and the brakes were not engaged prior to the impact. After an investigation, Gilmore was arrested and initially charged with manslaughter, careless operation, speeding, leaving the scene of an accident, and failure to report an accident. A true bill of indictment was later returned, charging Gilmore with one count of second degree murder, one count of hit and run driving resulting in death or serious bodily injury, and one count of obstruction of justice.

Following a plea agreement,[1] the State filed an amended true bill on September 20, 2022, which reduced count one to vehicular homicide in violation of La. R.S. 14:32.1 and dismissed count three for obstruction of justice. During the plea hearing and Boykin, the amended offenses and applicable potential sentences under each prospective statute were read aloud into the record. During this time, defense counsel stipulated that with respect to count one, Gilmore's blood alcohol content ("BAC") was above .08 at the time of the offense.

In providing the factual basis for Gilmore's plea, defense counsel stated that on December 15, 2021, Gilmore "ran over the victim on Highway 562 in Franklin Parish resulting in obvious death . . . was hit with a very large truck," and that Gilmore "proceeded to leave the scene of the accident." Gilmore acknowledged that he understood the charges against

_____

[1] In the same felony plea bargain, Gilmore also pled guilty to aggravated criminal damage to property in Docket No. 2021-619F, a separate case which occurred on July 30, 2021, in Franklin Parish, Louisiana. It was noted that Gilmore was out on bond for this charge when he committed the instant offense.

2

him, and the sentence range for each offense, and subsequently pled guilty to the amended charges.

On December 6, 2022, the sentencing hearing was held, during which Gilmore's statement to his probation officer and victim impact reports were read into the record. The trial court then reviewed Gilmore's criminal record, noting that Gilmore had no juvenile or adult record prior to the most recent offenses. The trial court further considered Gilmore's personal history, education, employment, and family dynamic. In considering the gravity of the instant offense, the trial court noted:

> Gilmore committed the crime of aggravated criminal damage to property by chasing down and intentionally forcing another vehicle off the road causing an accident. Gilmore then left the scene of the accident[,] and the victim of that crime was a juvenile. Gilmore was arrested for that offense and was out on bond when he committed the crimes of vehicular homicide and hit and run driving resulting in death or serious bodily injury by striking a pedestrian with his vehicle while traveling a hundred and twenty-two miles an hour. Gilmore then left the scene of the accident[,] and the victim of that crime was his girlfriend, Briana Darby.

In reviewing the factors of La. C. Cr. P. art. 894.1, the trial court found the provisions in paragraph one, two, and three applicable under the facts of this case.

The trial court found that Gilmore's conduct during the commission of the offense manifested deliberate cruelty to the victim. Specifically, that Gilmore used threats or actual violence in the commission of the offense, the offense resulted in significant permanent injury or significant economic loss to the victim's family, that Gilmore used a dangerous weapon, his truck, in the commission of this offense, and that Gilmore was "persistently involved in similar offenses." However, the trial court also acknowledged that while Gilmore committed this offense, he has worked and contributed to society,

3

raised a family, and noted that imprisonment would entail excessive hardship on his loved ones who depended on him financially.

Thereafter, the trial court sentenced Gilmore to 30 years at hard labor and ordered him to pay a $2,000 fine, plus costs, for count one. Gilmore was sentenced to 20 years at hard labor for count two, with both sentences to be served concurrently. Gilmore was additionally ordered to participate in a substance abuse program and any available education program. Defense counsel objected to the imposed sentences, and on December 15, 2022, filed a motion to reconsider sentence. The motion was denied on May 16, 2023. This appeal followed.

## DISCUSSION

On appeal, Gilmore argues that the trial court erred in imposing the concurrent 30- and 20-year sentences. Gilmore maintains that his 30-year sentence for count one, vehicular homicide, was constitutionally excessive, and the trial court did not give due consideration to his criminal and personal history. Specifically, Gilmore argues that he is not the worst of offenders, and a maximum sentence is not an appropriate punishment for this offense given that he is a first-time offender. He highlights that he is a hard worker, dually employed as both a carpenter and pipeline worker, and a dedicated husband and father of three adopted children, such that the imposition of this sentence would result in undue hardship and burden on his family.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d

4

1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id.* Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Holden*, 55,700 (La. App. 2 Cir. 6/5/24), 387 So. 3d 958. Important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and likelihood of rehabilitation. *Id.*

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Griffin*, *supra*; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another

5

sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. McKeever*, *supra*.

Moreover, as a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Little*, 52,131 (La. App. 2 Cir. 8/15/18), 252 So. 3d 1038, *writ denied*, 18-1582 (La. 3/25/19), 267 So. 3d 594. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. *Id.*

In this case, Gilmore pled guilty to vehicular homicide, in which defense counsel specifically stipulated that Gilmore's BAC, at the time of the offense, was above .08. La. R.S. 14:32.1 provides, in pertinent part:

> A. "Vehicular homicide" is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance, whether or not the offender had the intent to cause death or great bodily harm, whenever any of the following conditions exists and such condition was a contributing factor to the killing:
> . . .
> (2) The operator's blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.

Although Gilmore argues that insufficient weight was given toward any mitigating factors, the record reflects that the trial court carefully noted all relevant factors, as well as aggravating and mitigating circumstances, and the sentencing considerations outlined in art. 894.1. Prior to imposing its sentence, the trial court thoroughly reviewed Gilmore's personal history. Notably, the trial court considered that Gilmore had strong familial ties and obligations as the primary provider for his wife and children, stating, in part:

6

> The imprisonment of the defendant would entail excessive hardship to himself and his dependents. That is-that is one aspect of this that I have struggled with a great deal because of course this has consequences not only for your mother who spoke, but also of your family, especially your wife and three children. . .

The trial court further recognized that prior to this offense, Gilmore did not have either a juvenile or adult record, that he was gainfully employed and a hard worker. The trial court also considered the statements provided on Gilmore's behalf, as well as Gilmore's own statements expressing his remorse for his actions.

However, the trial court also considered the weight of Gilmore's actions, particularly that this offense occurred while Gilmore was on bond for another offense in which he ran a juvenile off the road. Further, the court noted that there was a great deal of cruelty inflicted upon Darby, the victim in the present case, that was facilitated using Gilmore's truck, which the trial court considered to be a dangerous weapon that can cause a "considerable amount of damage, unlike a gun or knife or other weapons," because "a vehicle in and of itself is one of the most dangerous weapons that we have unfortunately."

Given the trial court's full consideration of the art. 894.1 factors and all relevant aggravating and mitigating factors in this case, we cannot say that the court did not give due or sufficient consideration to all pertinent elements in this case. Moreover, in light of the facts of this case, this Court cannot agree that Gilmore's sentence was excessive. We note first that Gilmore received a considerable benefit from his plea agreement, which not only reduced his charge of second degree murder to vehicular homicide, but Gilmore also had the charge for obstruction of justice dismissed. We further

7

note that the investigation of this case revealed that Gilmore traveled at an excessive speed of 122 mph one-half second before the impact, without braking. The pain and suffering caused to Darby's family as a result of Gilmore's actions is irreparable; therefore, we cannot say that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.

However, upon our error patent review, we find that Gilmore's sentence is illegal. In imposing this sentence the trial court provided that Gilmore was to serve 30 years at hard labor, and imposed a $2,000 fine. However, La. R.S. 14:32.1(B) provides:

> Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. **At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.** If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the offender was previously convicted of a violation of R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety. (Emphasis added.)

Because defense counsel stipulated that Gilmore's BAC was above .08 at the time of the accident, a three-year restriction should have been placed on Gilmore's sentence regarding the benefit of probation, parole, or suspension of sentence. Accordingly, we find that this sentence should be amended to reflect the proper restriction of benefits in accordance with La. R.S. 14:32.1.

8

Additionally, this Court's error patent review indicates that there was an error in the proceedings regarding the trial court's imposition of the $2,000 fine. Although La. R.S. 14:32.1 authorizes the imposition of a fine not less than $2,000, La. C. Cr. P. art. 875.1 provides, in pertinent part:

> A. The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his action, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the justice system which is to deter criminal behavior and encourage compliance with the law. Financial obligations that cause undue hardship on the offender should be waived, modified, or forgiven. Creating a payment plan for the offender that is based upon the ability to pay, results in financial obligations that the offender is able to comply with and often results in more money collected . . .
>
> . . .
>
> C. (1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, **the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents.** The court may consider, among other factors, whether any victim of the crime has incurred a substantial financial hardship as a result of the criminal act or acts and whether the defendant is employed. The court may delay the hearing to determine substantial financial hardship for a period not to exceed ninety days, in order to permit either party to submit relevant evidence. (Emphasis added.)
>
> (2) The defendant or the court may waive the judicial determination of a substantial financial hardship required by the provisions of this Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees, and penalties imposed without causing a substantial financial hardship.

9

Although the minutes in this case reflect that the trial court imposed the fine to be paid in 12 equal monthly installments, starting 30 days after Gilmore's release from incarceration, the transcript is silent as to whether the trial court or Gilmore waived the determination of financial hardship. Because Gilmore was entitled to a hearing pursuant to La. C. Cr. P. art. 875.1, we vacate the $2,000 fine and remand the matter to the trial court to conduct the required hearing.

Gilmore further argues that his 20-year sentence violated the terms of his plea agreement. Gilmore maintains that he pleaded guilty to hit and run driving resulting in death pursuant to La. R.S 14:100 (C)(2), which carries a maximum sentence of ten years. However, during sentencing, the trial court recited the sentencing range for La. R.S. 14:100(C)(3), which carries a maximum sentence of 20 years. Because the sentence imposed does not conform to the plea agreement, Gilmore argues that this case should be remanded to the trial court for resentencing.

In this case, the record reflects that in sentencing Gilmore as to count two, the trial court remarked that Gilmore would be sentenced under La. R.S. 14:100(C)(2), which carries a sentence of no more than 10 years with or without hard labor. However, in this case, the trial court imposed a 20-year sentence, which would fall under the sentencing range for La. R.S. 14:100(C)(3). Gilmore was improperly sentenced according to the plea agreement with the State.

La. C. Cr. P. art. 882(A) provides that an illegal sentence may be corrected at any time by an appellate court on review, despite the failure of either party to raise the issue. *State v. Thomas,* 55,579 (La. App. 2 Cir. 2/28/24), 381 So. 3d 892. Further, the appellate court may notice sentencing

10

errors as error patent. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. However, as this Court has recognized, we are not required to take such action. *State v. Pena*, 43,321 (La. App. 2 Cir. 7/30/08), 988 So. 2d 841. In this matter, however, and in this Court's discretion, we vacate Gilmore's sentence for count two and remand this matter to the trial court to impose sentencing pursuant to the requirements of La. R.S. 14:100(C)(2).

## CONCLUSION

As Gilmore took a plea deal in this case, his convictions are not at issue. However, for the foregoing reasons, Gilmore's sentences for count one, vehicular homicide, and count two, hit and run driving resulting in death or serious bodily injury, are vacated and remanded for resentencing in accordance with this opinion.

**GUILTY PLEA AFFIRMED; SENTENCES VACATED and REMANDED FOR RESENTENCING.**